IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JANELLE V. BROTHERS, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | **3 : 07-CV-124 (CDL)** |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on November 13, 2007, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed for disability benefits in October 2001, alleging disability since June 2, 2000, due to musculoskeletal impairments as well as depression. The plaintiff last met the insured status requirements of the Social Security Act on December 31, 2001. Following the issuance of an unfavorable decision by the ALJ on December 23, 2003, the Appeals Council granted review and remanded plaintiff's claims for reconsideration. A second hearing was held before the ALJ on January 10, 2006, and the ALJ issued a second unfavorable decision on February 23, 2007. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ erred in discrediting her subjective complaints, erred in applying the pain standard, and erred in disregarding the treating source evidence.

At the time her insured status expired, the plaintiff was thirty-six (36) years of age with

past relevant work experience as an animal care giver, dietary aid at a nursing home, and construction site cleaner.  In June 2000, a horse stepped on the plaintiff's leg, allegedly exacerbating her history of back pain.  Plaintiff also has a history of sexual and physical abuse, dating back to her childhood and continuing through her adult relationships.  Due to the expiration of plaintiff's insured status in December 2001, her application for benefits is limited to a closed period, to wit, between the alleged onset date of June 2, 2000, and the expiration of insured status on December 31, 2001.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal

2

analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Credibility*

The plaintiff initially argues that the ALJ erred in discrediting the plaintiff subjective complaints of pain and in failing to properly apply the pain standard.  If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ found that the plaintiff's "medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

3

credible." R. at 34.  A review of the ALJ's decision reveals that he properly applied the pain standard to the plaintiff's subjective complaints and properly discounted these complaints.  After reviewing the entire record, the ALJ concluded that the plaintiff's medically determined impairments could not have been reasonably expected to produce the severe pain as alleged by the plaintiff.  The ALJ provided specific and adequate reasons for discrediting the plaintiff's subjective accounts of pain, noting the inconsistencies between the plaintiff's testimony and her reports to physicians regarding her conditions, as well as the objective findings of physicians that did not support the subjective accounts of disabling pain and conditions.

*Treating physicians*

The plaintiff argues that the ALJ erred in discrediting the opinions of disability issued by treating physicians Dr. Arnold and Dr. Jarrett.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary.  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).

As the <u>Lewis</u> court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." <u>Id.</u>

Dr. Arnold began treating the plaintiff for back pain in November 2000, diagnosing the plaintiff with degenerative disc disease and radiculitis and examining and/or treating the plaintiff several times over the next ten (10) months. Dr. Arnold's treatment records show evidence of disc herniation at L3-4, L4-5 and L5-S1, with the herniation described as "very small" and the bulging "mild" or "minimal". Other physical examinations were essentially normal, with the exception of decreased range of motion in the lumbar spine. On April 29, 2003, Dr. Arnold signed a residual functional capacity assessment in which he assigned the plaintiff's condition to the option "[n]o work. Unable to do even sedentary work." R. at 324.

The ALJ determined that

> Dr. Arnold did not indicate that the claimant's residual functional capacity was reduced to this level during the period in question from June 2, 2000 through December 31, 2001. This form suggests that the claimant's back pain condition has worsened at that time in April of 2003. The claimant's testimony reflects that Dr. Arnold restricted her from heavy lifting during the period in question, but did not preclude work at the sedentary or light levels. Accordingly, the undersigned does not credit Dr. Arnold's April 29, 2003 residual functional capacity assessment as it cannot be retroactively inferred to be pertinent to the claimant's status during the period from June 2, 2000 through December 31, 2001.

> R. at 28.

The ALJ's assessment of Dr. Arnold's April 29, 2003 disability determination is supported by substantial evidence, with good cause shown for not assigning Dr. Arnold's opinion

substantial weight. Although Dr. Arnold treated the plaintiff during the time period under consideration, his diagnoses did not rise above a small disc herniation with conservative treatment undertaken. Dr. Arnold's 2003 opinion of complete disability did not reference any treatment notes or specific diagnoses, did not reference the closed period under consideration, and was further inconsistent with both Dr. Arnold's treatment notes and plaintiff's own statements as to her daily activities and abilities, which in July 2002 included rising at 5:30 a.m., engaging in farm chores, bathing and dressing without assistance, and housework and cooking. R. at 212-13.

Dr. Jarrett, plaintiff's treating psychologist, began treating the plaintiff for certain mental issues in August 2001. He diagnosed the plaintiff as suffering from chronic severe depression, associated with an underlying chronic pain condition caused by her horse-related injury in June 2000, as well as sexual and physical abuse dating back many years. Dr. Jarrett treated the plaintiff on three (3) occasions during the closed period under consideration. On January 30, 2006, Dr. Jarrett issued an assessment of plaintiff's mental ability to do work-related activities, in which he found that the plaintiff had no ability to maintain attention for a two-hour segment, maintain regular attendance, be punctual, interact appropriately with the general public, maintain socially appropriate behavior, adhere to basic standards of neatness and cleanliness, travel in unfamiliar places, and use public transportation. Although he found that the plaintiff could understand, remember and carry out simple instructions, her ability to do so was seriously limited and she could not meet competitive standards in many categories.

The ALJ found that

> Dr. Jarrett's January 30, 2006 assessment of Ms. Brothers' mental
> functioning during the period in question is inconsistent with the

> psychiatrist's own progress notes and other medical records. From
> the initial service date in August of 2001 until the period in question
> ended in December of 2001, Dr. Jarrett's treatment plan focused
> more upon treating and counseling the claimant for situational
> anxiety and depression caused by her abusive husband as opposed to
> treatment for underlying organic mental illness. The undersigned
> notes that the claimant's first treatment session with Dr. Jarrett
> began in August 2001, approximately four months before the period
> in question ended. Dr. Jarrett was able to examine the claimant on
> only two additional occasions before the period in question ended on
> December 31, 2001. The psychiatric treatment records from August
> 30, 2001 through October 25, 2001 do not support the notion that
> the claimant's depression resulted in the debilitating mental
> [condition] described by Dr. Jarrett in his January 30, 2006
> assessment.
> Dr. Jarrett continues to treat the claimant and his updated progress
> notes through November 7, 2007 have been entered into the record. .
> . . [The] information in these treatment records reflect that the
> claimant's depressive symptoms were primarily related to her
> relationship problems with her husband and financial concerns
> during the period at issue. . . . these records do not suggest that her
> depression was of such severity that she was precluded from
> working on a sustained basis.

R. at 30-31.

The ALJ went on to find that Dr. Jarrett's opinion of disability conflicted with his own treatment notes, the plaintiff's testimony and the findings of consultative examiner Dr. Hamby, who found that plaintiff suffered from a mood disorder with depressive features, but could function in areas critical to maintaining substantial gainful activity.

The ALJ's detailed findings regarding Dr. Jarrett's opinion of disability and his treatment of the plaintiff are supported by substantial evidence, as the ALJ relied on the conflict between Dr. Jarrett's opinion of disability and his treatment notes, plaintiff's testimony, and the findings of a consultative examiner. Dr. Jarrett's treatment of the plaintiff during the time period in question did not reflect treatment for a disabling mental condition, but rather reflected treatment

for situational depression that did not involve suicidal ideation or severe sleep deprivation.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of January, 2009.

/s/ ***Richard L. H odge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb